

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00419-CV

**LAUREN MCPHERSON AND CHRIS LANGSTON,**

          **Appellants**

 **v.**

**MATT WYLIE, INDIVIDUALLY AND AS
NEXT FRIEND OF H.W., A MINOR,**

          **Appellee**

_____

**From the 66th District Court
Hill County, Texas
Trial Court No. 52540**

_____

## CONCURRING OPINION

_____

A plaintiff is the master of their own pleadings. In this proceeding, the defendants

filed a plea to the jurisdiction contending they are professional employees of Blum

Independent School District, acting in the course and scope of their employment and thus

have the immunity provided by Texas Education Code Section 22.051. It is important to

note that in taking this action, the defendants did not move to substitute their alleged

employer, Blum ISD, pursuant to Texas Civil Practice and Remedies Code Section

101.106(f) into the suit as the defendant.

The plaintiff responded to the plea to the jurisdiction and clarified his pleading. The plaintiff asserts he is suing the defendants in their individual capacity for negligence and does not allege that the defendants were acting in the course and scope of their duties as employees of the school district. As such, I do not believe we should discuss any issue regarding the immunity provisions of the Education Code in this appeal of a plea to the jurisdiction that was denied. There may be a time and place when the plaintiff, the defendants, the trial court, and, eventually, this Court have to address the issue of what happens if one of the parties establishes the defendants are Blum ISD employees and were acting in the course and scope of their employment and how the immunity in the Education Code and the election of remedies in the Civil Practice and Remedies Code may impact the parties going forward. But this proceeding is not that time and place.

On the pleadings and evidence before the trial court, the trial court did not err in denying the plea to the jurisdiction, and I concur in that analysis and holding in the judgment of the Court. I find the Court's analysis and discussion of immunity under Texas Education Code Section 22.0511, which applies only if the suit is against professional employees of a school district for actions in the course and scope of employment, unnecessary and do not join it.

TOM GRAY
Chief Justice

Concurring opinion issued and filed December 14, 2016

